

MELISSA HOLYOAK, United States Attorney (#9832)
MARK E. WOOLF, Assistant United States Attorney (WA #39399)
Attorneys for the United States of America
111 South Main Street, Ste. 1800 • Salt Lake City, Utah 84111
Telephone: (801) 524-5682

## IN THE UNITED STATES DISTRICT COURT

### DISTRICT OF UTAH

FILED US District Court-UT
JAN 28 '26 PM01:43

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHRISTIAN MONTIEL-CALEIT,<br><br>Defendant. | INDICTMENT<br><br>Counts 1-2: 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5 (Securities Fraud)<br><br>Counts 3-5: 18 U.S.C. § 1343 (Wire Fraud)<br><br>Count 6: 18 U.S.C. § 1957 (Money Laundering)<br><br>Count 7: 8 U.S.C. § 1326(a) (Illegal Reentry of a Previously Removed Alien)<br><br>Case: 2:26-cr-00014<br>Assigned To : Nielson, Howard C., Jr<br>Assign. Date : 1/27/2026 |

The Grand Jury alleges:

## I.    BACKGROUND

At all times relevant to this Indictment:

1.      Defendant CHRISTIAN MONTIEL-CALEIT ("MONTIEL") was a resident of Salt Lake County, Utah.

2. Defendant MONTIEL exercised control over the following Utah companies: BC Utah Flooring LLC; Transportation and Entertainment VIP LLC; Brittany Beauty LLC; and Ensueños Events Corporation.

## II.   INVESTMENT SCHEME AND ARTIFICE TO DEFRAUD

3. Beginning in and around 2021 and continuing to and around December 2024, within the District of Utah and elsewhere,

**CHRISTIAN MONTIEL-CALEIT,**

defendant herein, devised and intended to devise a scheme to defraud investors, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and omissions of material facts.

4. In executing and attempting to execute the scheme and artifice to defraud, and in furtherance thereof, defendant MONTIEL:

a. willfully and knowingly, directly and indirectly, by the use of means and instruments of interstate commerce, and of the mails, and of the facilities of national securities exchanges, used and employed manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (1) employing a device, scheme, and artifice to defraud; (2) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engaging in acts, transactions, practices, and courses of business which would operate and did operate as a fraud and deceit upon other persons, in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5 (Securities Fraud);

b. knowingly transmitted and caused to be transmitted, wire communications in interstate commerce in violation of 18 U.S.C. § 1343 (Wire Fraud); and

c. knowingly engaged and attempted to engage in monetary transactions in criminally derived property of a value greater than $10,000 and derived from specified unlawful activity (wire fraud), to wit, proceeds of

fraudulently obtained money, in violation of 18 U.S.C. § 1957 (Money Laundering).

### III.    OBJECT OF THE SCHEME AND ARTIFICE TO DEFRAUD

5.      It was the object of the scheme and artifice to defraud for defendant MONTIEL to fraudulently obtain money from investors through false statements, misrepresentations, deception, fraudulent conduct, and omissions of material facts, and thereafter cause the money to be diverted for defendant MONTIEL's personal use and benefit.

### IV.  MANNER AND MEANS OF THE SCHEME AND ARTIFICE TO DEFRAUD

6.      In execution and furtherance of the scheme and artifice to defraud defendant MONTIEL, together with others, employed the following manner and means.

7.      In execution and furtherance of the scheme and artifice to defraud, defendant MONTIEL, made one more of the following false and fraudulent statements of material fact to investors, including, without limitation, the following:

  a.  An investment with MONTIEL would generate significant returns, including but not limited to 100% returns in 12 months; when in fact, MONTIEL did not generate the returns as represented;

  b.  Principal invested with MONTIEL would be returned within a specific schedule, usually within 12 months; when in fact, principal was rarely, if ever, returned; and

  c.  An investment with MONTIEL would generate returns through flipping vehicles, flipping real estate, creating entertainment events, and issuing high interest loans to third parties; when in fact, Montiel did not generate returns as represented, he diverted investment money for his personal use and benefit, and he used money from new investors to pay previous investors.

8.      In execution and furtherance of the scheme and artifice to defraud, defendant MONTIEL failed to disclose to investors the following material facts, among others:

a.  MONTIEL used a significant portion of investor funds for his own personal use and benefit;

b.  MONTIEL was not licensed to sell securities;

c.  Payments made by MONTIEL to investors were derived from other investors instead of actual returns; and

d.  On a routine basis, and for years, investors did not timely receive their principal and investment returns as promised.

9.      In execution and furtherance of the scheme and artifice to defraud, defendant MONTIEL collected approximately $1 million from approximately 30 investors.

**Counts 1-2**
**15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5**
**(Securities Fraud)**

10.     The factual allegations set forth above are incorporated herein by reference and realleged as though fully set forth herein.

11.     Beginning in and around 2021 and continuing to and around December 2024, within the District of Utah and elsewhere,

**CHRISTIAN MONTIEL-CALEIT,**

defendant herein, willfully and knowingly, directly and indirectly, by the use of means and instruments of interstate commerce, and of the mails, and of the facilities of national securities exchanges, used and employed manipulative and deceptive devices and contrivances in connection with the purchase and sale of securities, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (1) employing a device, scheme, and artifice to defraud; (2) making untrue statements of material fact and omitting to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (3) engaging in acts, transactions, practices, and courses of business which

would operate and did operate as a fraud and deceit upon other persons, in instances including but not limited to each count below:

| COUNT | DATE (on or about) | USE OF INTERSTATE MEANS |
|---|---|---|
| 1 | 10/31/2022 | $20,000 cashier's check transfer from Investor 1's Wells Fargo Bank account to the Brittany Beauty LLC Mountain America Credit Union account ending in xxx9182 |
| 2 | 01/02/2023 | $10,000 check transfer from Investor 2's JPMorgan Chase Bank account to the BC Utah Flooring LLC's Mountain America Credit Union account ending in xxx6784 |

All in violation of 15 U.S.C. §§ 78j(b), 78ff, 17 C.F.R. § 240.10b-5 and 18 U.S.C. § 2(b).

**Count 3-5**
**18 U.S.C. § 1343**
**(Wire Fraud)**

12.    The factual allegations set forth above are incorporated herein by reference and realleged as though fully set forth herein.

13.    On or about the dates listed below, in the District of Utah and elsewhere,

**CHRISTIAN MONTIEL-CALEIT,**

defendant herein, having devised and intended to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, promises, and omissions of material facts, for the purpose of executing said scheme and artifice to defraud, did cause to be transmitted by means of wire communication certain writings, signs and signals, that is, an interstate wire, in instances including but not limited to each count below:

//

//

| COUNT | DATE (on or about) | WIRE COMMUNICATIONS |
|---|---|---|
| 3 | 11/29/2022 | $20,000 cashier's check transfer with memo line "ANNUAL INVESTMENT OF 100%" from Investor 1's Wells Fargo Bank account to the Transportation and Entertainment VIP LLC Mountain America Credit Union account ending in xxx1354 |
| 4 | 01/02/2023 | $15,000 check transfer from Investor 2's Cyprus Credit Union account to the BC Utah Flooring LLC's Mountain America Credit Union account ending in xxx6784 |
| 5 | 04/08/2023 | $50,000 check transfer with memo line "Invertion" from Investor 3's Cyprus Credit Union account to the Transportation and Entertainment VIP LLC Mountain America Credit Union account ending in xxx1354 |

All in violation of 18 U.S.C. § 1343.

## Count 6
## 18 U.S.C. § 1957
## (Money Laundering)

14. The factual allegations set forth above are incorporated herein by reference and realleged as though fully set forth herein.

15. On or about the dates listed below, in the District of Utah,

**CHRISTIAN MONTIEL-CALEIT,**

defendant herein, did knowingly engage and attempt to engage in the following monetary transactions in criminally derived property of a value greater than $10,000.00, and were derived from the specified unlawful activity of Wire Fraud and of Securities Fraud as alleged above, in instances including but not limited to each count below:

| COUNT | DATE (on or about) | MONETARY TRANSACTIONS |
|---|---|---|
| 6 | 04/14/2023 | $13,000 transfer from the Transportation and Entertainment VIP LLC Mountain America Credit Union account ending in xxx1354 to a close family member of defendant MONTIEL whose identity is known to the grand jury |

All in violation of 18 U.S.C. §§ 1957 and 2(b).

## Count 7
## 8 U.S.C. § 1326(a)
### (Illegal Reentry of a Previously Removed Alien)

16.    In and around 2025, in the District of Utah,

### CHRISTIAN MONTIEL-CALEIT,

defendant herein, an alien who on or about March 2, 2006, was excluded, removed, and deported

from the United States, did knowingly reenter and was found in the United States in the District

of Utah, having not obtained the consent of the Secretary of the United States Department of

Homeland Security to reapply for admission into the United States.

All in violation of 8 U.S.C. § 1326(a).

### NOTICE OF INTENT TO SEEK FORFEITURE

Pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), upon conviction of any

offense violating 18 U.S.C. § 1343 and/or 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5,

the defendant(s) shall forfeit to the United States of America any property, real or personal, that

constitutes or is derived from proceeds traceable to the offense. The property to be forfeited

includes, but is not limited to:

- A money judgment equal to the value of any property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p).

- Substitute property as allowed by 28 U.S.C. § 2461(c) and 21 U.S.C. § 853(p).

Pursuant to 18 U.S.C. § 982(a)(1), upon conviction of any offense in violation of 18

U.S.C. § 1957, the defendants shall forfeit to the United States of America any property, real or

personal, involved in such violations, and any property traceable to such property. The property

to be forfeited includes, but is not limited to:

- A money judgment equal to the value of all property not available for forfeiture as a result of any act or omission of the defendant(s) for one or more of the reasons listed in 21 U.S.C. § 853(p); and

- Substitute property as allowed by 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p).

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

MELISSA HOLYOAK
United States Attorney

_____
Mark E. Woolf
Assistant United States Attorneys